UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: BRYAN BRIGGS,

Plaintiff,

Case No. 21-mc-80235-DMR

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 3

Plaintiff Bryan Briggs initially filed this matter as a miscellaneous action and paid the requisite $49 filing fee. [Docket No. 1.] The court ruled that the matter was improperly filed as a miscellaneous action, directed Briggs to seek a refund of his $49 payment, re-file his matter as a civil complaint if he wished, and pay the $402 filing fee for a civil action or file an application to proceed *in forma pauperis*. [Docket No. 2.] The court struck the improper miscellaneous filing and closed the case. Briggs filed this motion for reconsideration. ("Mot.") [Docket No. 3.]. The motion is denied.

Briggs styles his newest filing as a "reconsideration motion" but recites irrelevant standards governing Federal Rule of Civil Procedure 56 motions for summary judgment. Motions for reconsideration may be filed before entry of judgment under Northern District of California Civil Local Rule 7-9; *see* Fed. R. Civ. P. 54(b). A party may move for reconsideration on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b). A party must first obtain leave of the court to file such a motion. Civ. L.R. 7-9(a). Briggs does not address any of

the three grounds for reconsideration nor did he seek leave of the court to file the motion.

To the extent that Briggs considers the court's order—which closed the matter and instructed him to file a civil action—to constitute a final judgment, the appropriate motion would be a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("[A] party should indicate which federal rule governs the motion."). Briggs does not address any of the Rule 60(b) bases for relief either.

The motion also fails on the merits. Briggs does not explain why his action should be filed as a miscellaneous matter rather than a civil action. The explanation he does provide demonstrates that his filing does not belong in federal court at all. Briggs declares that "I am not bringing a claim against anyone, nor my [*sic*] seeking damages from anyone in the traditional sense that there is a controversy." Mot. at ECF 3; *see also* Mot. at ECF 3 ("my complaint clearly documented that there is no controversy"). Given Briggs's admission, it is clear that his filing is improper. The federal courts do not provide a forum for Briggs to air his grievances. The Constitution confines federal judicial power "to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing U.S. Const., art. III). "Under Article III [of the Constitution], federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions." *Id.*

Briggs also objects to paying a filing fee because "as a taxpayer, I have already been subjected to contributing to the filing fees with the allocation of the annual budget." Mot. at ECF 11. The fact that Briggs pays federal taxes does not exempt him from paying court fees such as filing fees. Court filing fees have long been upheld as rational. *See, e.g.*, *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973); *United States v. Kras*, 409 U.S. 434, 447-48 (1973). Accordingly, Briggs's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: November 24, 2021

_____
DONNA M. RYU
United States Magistrate Judge